**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CANDIDO ORTIZ-MARTINEZ, : | | |
| : | Civil No. 09-4698 (RMB) | |
| Petitioner, : | | |
| : | | |
| v. : | | |
| : | **OPINION** | |
| UNITED STATES OF AMERICA, : | | |
| : | | |
| Respondent. : | | |

**APPEARANCES:**

    CANDIDO ORTIZ-MARTINEZ, Plaintiff pro se
    #21988-044
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

**BUMB, District Judge**

    Plaintiff, Candido Ortiz-Martinez, a federal prisoner confined at the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), brings this habeas petition pursuant to 28 U.S.C. § 2241, challenging his federal conviction. Petitioner fails to name as party respondent the person having custody over him, and instead names the United States of America as respondent in this matter.

    This Court has reviewed the petition, as well as Petitioner's amended petition filed on December 15, 2009, and for the reasons set forth below, will dismiss this habeas action for

lack of jurisdiction, as it is a prohibited second or successive motion under 28 U.S.C. § 2255.  Petitioner's motion for release on bail while his habeas petition is pending is denied as moot.

## I.  BACKGROUND

The following facts are taken from the petition and amended petition, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.  The Court also refers to, and takes judicial notice of the federal court dockets for Petitioner's direct appeal from his federal court conviction in the United States District Court for the Eastern District of Missouri, and his various motions to vacate pursuant to 28 U.S.C. § 2255, filed in the Eastern District of Missouri, and several § 2241 habeas petitions filed in the Central District of California in 2001, and this District of New Jersey in 2005.[1]

At the outset, this Court notes that Petitioner has given no information in his initial petition, amended petition, or his motion for bail with respect to the federal district court where his judgment of conviction was entered.  Rather, Petitioner

---

[1] See United States v. Ortiz-Martinez, 1 F.3d 662 (8th Cir. 1993); Ortiz-Martinez v. United States, Civil No. 4:96-cv-00053 (JCH); Ortiz-Martinez v. United States, Civil No. 4:00-cv-00163 (JCH); Ortiz-Martinez v. United States, Civil No. 4:01-cv-00144 (JCH); Ortiz-Martinez v. Herrera, Civil No. 2:01-cv-6374-DT-AIJ; Ortiz-Martinez v. Miner, Civil No. 1:05-cv-00903 (JBS); Ortiz-Martinez v. Herrera, 44 Fed. Appx. 806, 2002 WL 1881110 (9th Cir. Aug. 15, 2002).

generally states that he was convicted on December 12, 1991 and sentenced to an aggregate prison term of 592 months for "two drug offenses and two firearms offenses specifically 18 U.S.C. § 924(c).

Petitioner asserts the following grounds for habeas relief: (1) that Congress exceeded its legislative jurisdiction in enacting the statute for which he was convicted; (2) that the statute violates the Second Amendment, which forbids Congress from enacting any laws infringing upon the inherent right of citizens to bear arms; (3) ineffective assistance of counsel; and (4) that there was no evidence to support the conviction under § 924(c).

From the docket reports in Petitioner's various federal court actions, this Court finds that Petitioner was convicted on or about December 12, 1991 in the United States District Court for the Eastern District of Missouri, after a jury found him guilty of four offenses: (1) conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine between January 1988 and February 1990; (2) distributing cocaine in violation of 21 U.S.C. § 841; (3) using and carrying a firearm during a drug trafficking crime (conspiracy) on October 7, 1989, in violation of 18 U.S.C. § 924(c); and (4) using and carrying a firearm during a drug trafficking crime (conspiracy) on February 13, 1990, also in violation of 18 U.S.C. § 924(c).  He was

sentenced to an aggregate prison term of 592 months to be followed by five years of supervised release.  See United States v. Ortiz-Martinez, 1 F.3d 662, 668 (8th Cir. 1993).  Petitioner appealed his conviction and the United States Court of Appeals for the Eighth Circuit affirmed the conviction in 1993.  Id.

Thereafter, Petitioner filed three separate motions to vacate under 28 U.S.C. § 2255, before the federal sentencing court in the Eastern District of Missouri.  See Ortiz-Martinez v. United States, Civil No. 4:96-cv-00053 (JCH); Ortiz-Martinez v. United States, Civil No. 4:00-cv-00163 (JCH); Ortiz-Martinez v. United States, Civil No. 4:01-cv-00144 (JCH).  See also Ortiz-Martinez v. Herrera, 44 Fed. Appx. 806, 807 (9th Cir. 2002).  The sentencing court denied the first § 2255 motion on the merits and dismissed the next two as successive § 2255 motions.  Id.  The Eighth Circuit twice declined to grant Petitioner's requests for authorization to file successive § 2255 motions with respect to Ortiz-Martinez v. United States, Civil No. 4:00-cv-00163 (JCH) and Ortiz-Martinez v. United States, Civil No. 4:01-cv-00144 (JCH).  Id.

In 2001, while Petitioner was confined at the Lompoc U.S. Penitentiary in California, he filed his first § 2241 habeas action challenging his conviction.  See Ortiz-Martinez v. Herrera, Civil No. 2:01-cv-6374-DT-AIJ.  The United States District Court for the Central District of California dismissed

4

the habeas petition for lack of jurisdiction. Petitioner then appealed and the United States Court of Appeals for the Ninth Circuit affirmed, finding that Petitioner failed to carry his burden of showing that § 2255 was an inadequate or ineffective remedy. Ortiz-Martinez v. Herrera, 44 Fed. Appx. at 807.

In 2005, while Petitioner was incarcerated at the FCI Fairton in New Jersey, he filed his second habeas petition under § 2241 in the United States District Court for the District of New Jersey, challenging his sentence as unconstitutional under United States v. Booker, 543 U.S. 220 (2005). The district court dismissed the habeas petition on December 16, 2005, for lack of jurisdiction, finding that the petition was a successive § 2255 motion and Petitioner did not show that § 2255 was an inadequate or ineffective remedy for his claims. Ortiz-Martinez v. Miner, Civil No. 1:05-cv-00903 (JBS). Petitioner filed a Notice of Appeal before the United States Court of Appeals for the Third Circuit on February 6, 2006. Ortiz-Martinez v. Miner, Civil No. 1:05-cv-00903 (JBS) at Docket entry no. 12. The Third Circuit dismissed Petitioner's appeal on March 7, 2006, for failure to timely prosecute. Ortiz-Martinez v. Miner, Civil No. 1:05-cv-00903 (JBS) at Docket entry no. 14.

Petitioner filed this instant habeas petition pursuant to 28 U.S.C. § 2241 on or about September 14, 2009. He filed a motion to amend his petition on September 29, 2009, and a motion for

release on bail on November 2, 2009.  He filed his amended petition on December 15, 2009.  (Docket entry no. 4).

## II.  DISCUSSION

A.  Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Petitioner brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B.  <u>Jurisdiction</u>

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the fact that he had filed three previous § 2255 motions, because his conviction under 18 U.S.C. § 924(c) is unconstitutional.  Petitioner does not inform this Court in his pleadings in this action that he had filed three earlier unsuccessful § 2255 motions, and thus, he does not here argue that relief under § 2255 is "inadequate or ineffective." <u>Cf</u>. <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir.1997).    As noted by the United States Court of Appeals for the Third Circuit in <u>Dorsainvil</u>, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.[2]  <u>See</u> <u>also</u> <u>Chambers v. United States</u>, 106 F.3d 472, 474 (2d Cir. 1997); <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 74, 77 (6th Cir. 1977); <u>United States v. Walker</u>, 980 F. Supp. 144, 145-46 (E.D.Pa. 1997)(challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Generally, challenges to the validity of a federal conviction or sentence by motions under § 2255 must be brought

---

[2] As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  <u>See</u> 28 U.S.C. § 2255; <u>Davis v. United States</u>, 417 U.S. 333, 343-44 (1974); <u>United States v. Hayman</u>, 342 U.S. 205, 219 (1952).

before the Court which imposed the sentence.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, a case involving a Bailey claim, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the

8

stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Thus, under Dorsainvil, this Court would have jurisdiction over Petitioner's action if, and only if, Petitioner demonstrates (1) his "actual innocence" (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek judicial review. 119 F.3d at 251-52; see also Okereke, 307 F.3d at 120; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

In this case, Petitioner argues that there was no jurisdiction to convict him because Congress exceeded its legislative authority by enacting a statute (18 U.S.C. § 924(c)) that violates Petitioner's Second Amendment right to bear arms, because his attorney was ineffective in violation of the Sixth Amendment, and because he was convicted for violating § 924(c) even though there was no evidence at trial to show he violated the statute. This Court construes Petitioner's arguments, especially his claim that there was no evidence to convict him on the § 924(c) offense and his claim that the offense for which he

9

was convicted was unconstitutional, as a claim of actual innocence.

A freestanding claim of actual innocence has never been explicitly recognized by the Supreme Court. See House v. Bell, 547 U.S. 518 (2006); Baker v. Yates, 2007 WL 2156072 (S.D. Cal. July 25, 2007) ("In practice, however, the Supreme Court has never explicitly held that a freestanding innocence claim is available during habeas review, even in a death penalty case."). In a noncapital case such as this, an assertion of actual innocence is ordinarily "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed. 2d 203 (1993); Whitby v. Dormire, 2 Fed. Appx. 645, at *1 (8th Cir. 2001); Mansfield v. Dormire, 202 F.3d 1018, 1023-24 (8th Cir. 2000).

In House, the United States Supreme Court was presented with a freestanding claim of innocence, but it "decline[d] to resolve this issue." House, 126 S.Ct. at 2087. The Supreme Court did, however, provide some insight into what might be required to prove such a claim. Id. (noting, "whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it."). The Court recognized, as it did in Herrera, that the standard for any freestanding innocence claim would be "'extraordinarily high,'" id. (quoting Herrera, 506 U.S. at 417), and it would require more than the showing required to make a

successful gateway innocence claim.  Id. at 2087 ("The sequence of the Court's decisions in Herrera and Schlup[3]-first leaving unresolved the status of freestanding claims and then establishing the gateway standard-implies at the least that Herrera requires more convincing proof of innocence than Schlup.").  Even assuming that such a freestanding claim could be raised, Petitioner in this instance has not met or even approached an "extraordinarily high" standard here.  Petitioner's claims that the statute is unconstitutional on its face because it infringes on the Second Amendment has absolutely no merit.  Petitioner also fails to allege facts sufficient to show that he is factually innocent of the substantive charge for which he was convicted.  Rather, his claims are simply claims of innocence based on alleged legal, procedural defects regarding his counsel's ineffectiveness in general and an unsubstantiated dispute regarding the alleged lack of evidence to convict him on that charge.

Consequently, Petitioner is not entitled to relief on an "actual innocence" claim.  Petitioner has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy.  He does not allege an intervening change in the law that renders non-criminal the crimes for which he was convicted.  His reference to District of Columbia v. Heller, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) is unavailing.  In Heller, the

---

[3] Schlup v. Delo, 513 U.S. 298, 327 (1995).

11

Supreme Court held unconstitutional a District of Columbia statute that banned handgun possession in the home because such statute violated the Second Amendment.  However, the Court found that the Second Amendment right was not unlimited, noting that laws prohibiting concealed weapons, possession of firearms by felons or the mentally ill, or making it a criminal offense to use or carry a firearm in connection with a crime have been held constitutional.  128 S.Ct. at 2816-17.  Thus, Heller does not render his conviction under § 924(c) unconstitutional as suggested by Petitioner.  Petitioner also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. Therefore, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[4]  28 U.S.C. § 2255.

---

[4] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case already has filed three § 2255 motions, which were addressed by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Although Petitioner has not petitioned the Court of Appeals for the Eighth Circuit for leave to file a successive § 2255 motion, this petition clearly fails to allege any of the predicate grounds permitting a second or successive § 2255 motion.[5]  Therefore, this Court finds that it would not be in the interests of justice to transfer this Petition to the Eighth Circuit.  Accordingly, this Petition must be dismissed for lack of jurisdiction.

Finally, because this Court must dismiss this petition for habeas relief, Petitioner's motion for bail (Docket entry no. 3) will be denied as moot.

---

[5]  While Petitioner may not have raised the arguments in this petition in his earlier § 2255 motions, it is plain from his silence concerning the procedural history of his case, and his many unsuccessful attempts to challenge his conviction, as well as the lack of merit to his new claims for relief, that Petitioner cannot now show the Eighth Circuit (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  See 28 U.S.C. §§ 2244(a), 2255.

13

III.  CONCLUSION

For the reasons set forth above, this action for habeas relief under § 2241 will be dismissed with prejudice for lack of jurisdiction, because it is a second or successive motion under § 2255 challenging petitioner's federal sentence.  Petitioner's motion for bail is denied as moot accordingly.  An appropriate order follows.

                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              United States District Judge

Dated: June 24, 2010